FILED
SUPERIOR COURT
OF GUAM

2020 NOV 10 PH 4: 32

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0387-20** |
| Plaintiff, | **GDP Report No. 20-17543** |
| vs. | |
| **DUANE ARTHUR DUNGCA,**<br>DOB: 09/01/1980 | **DECISION AND ORDER DENYING**<br>**DEFENDANT'S EX PARTE MOTION**<br>**AND APPLICATION FOR**<br>**BAIL REDETERMINATION** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Dana A Gutierrez on October 9, 2020 for a continued hearing on Defendant Duane Arthur Dungca's Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance ("Motion" or "Motion for Bail Redetermination"). Present via Zoom was Attorney David Highsmith of the Public Defender Service Corporation representing Defendant Duane Arthur Dungca ("Defendant") and Assistant Attorney General Leonardo Rapadas representing the People of Guam. Defendant appeared via Department of Corrections Video Conferencing. The

Court ruled from the bench **DENYING** Defendant's Motion. The Court now issues this

Decision and Order to memorialize its ruling and to comply with 8 G.C.A. § 40.50(a).[1]

## BACKGROUND

Defendant is charged with two (2) counts of First Degree Criminal Sexual Conduct (As a

First Degree Felony) and three (3) counts of Second Degree Criminal Sexual Conduct (As a First

Degree Felony). Defendant is confined pending the posting of ten thousand dollars ($10,000)

cash bail. Commitment Order (July 14, 2020); Pre-Trial Confinement Order (Sept. 11, 2020).

On August 11, 2020, Defendant filed the instant Motion asserting that he does not have

the means to pay his cash bail,[2] and requested that the Court either: 1) release Defendant on

personal recognizance; or 2) impose conditional release such as placing Defendant under the

supervision of a Third Party Custodian pursuant to 8 G.C.A. § 40.20. Mot. for Bail

Redetermination at 4 (Aug. 11, 2020). The People did not file a written opposition to the

Motion.

At the September 18, 2020 hearing on the Motion, the People agreed that conditional

release would be acceptable if Defendant were to secure appropriate Third Party Custodians or

participate in the Electronic Monitoring Program. The Court continued the hearing until October

2, 2020 in order to allow Defendant time to either make arrangements to secure Third Party

Custodians or coordinate with the Probation Services Division ("Probation") in order to complete

an Eligibility Assessment for the Electronic Monitoring Program.

---

[1] 8 G.C.A. § 40.50(a) requires: "Unless the conditions of release are amended and the person is thereupon released, the judge shall set forth in writing the reasons for requiring the conditions imposed."

[2] Defendant's Motion for Bail Redetermination states that cash bail was set at $20,000; however, the Commitment Order issued on July 14, 2020 and the Pre-Trial Confinement Order issued on September 11, 2020 state that bail is set at $10,000.

At the October 2, 2020 hearing, Defendant had not made arrangements either with Third Party Custodians nor made progress regarding the Eligibility Assessment for the Electronic Monitoring Program. At the Defendant's request, the Court continued the matter until October 9, 2020.

At the October 9, 2020 hearing, Defendant still had not made arrangements either with Third Party Custodians or with Probation regarding the Eligibility Assessment. Accordingly, the Court determined that release on Defendant's own recognizance was not proper, and the Court denied Defendant's Motion for Bail Redetermination.

## DISCUSSION

Guam law provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 G.C.A. § 40.50. Due to Defendant's inability to pay his cash bail within twenty-four (24) hours from the time of the release hearing on July 14, 2020, Defendant properly moved and applied for a Bail Redetermination Hearing on August 11, 2020 pursuant to 8 G.C.A. § 40.50.

Under Guam law, there is a presumption that a defendant charged with an offense will be released pending trial. 8 G.C.A. § 40.10. In all instances, the Court "shall order the person charged to be released on recognizance, *unless the judge determines,* in [her] discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b) (emphasis added). In determining whether there is a substantial risk of

3

nonappearance or if a defendant will endanger the safety of individuals in the community, the Court "shall consider the following factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged . . .

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; [and]

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would impose to the community or to any individual member thereof if released."

8 G.C.A. § 40.15(c). If release on personal recognizance will not reasonably assure Defendant's appearance as required, or will endanger the safety of any individuals in the community, the Court shall impose the least onerous conditions of release. 8 G.C.A. § 40.20.

In this case, the offenses charged are serious in nature as they total to five (5) First Degree Felonies, including two counts of First Degree Criminal Sexual Conduct. Defendant is accused of sexually assaulting a minor on multiple occasions, beginning when she was as young as eight (8) years old. Magistrate's Complaint (July 14, 2020). The Court recognizes that the community strongly condemns these types of sexual crimes, and the Court is concerned that Defendant may pose a threat to the safety of the community.

Additionally, the Attorney General's Office asserts there is a strong likelihood of conviction. *See* Pre-Trial Confinement Order, 3 (Sept. 11, 2020). The Court finds that this strong likelihood is a factor weighing in favor of continued detention.

Regarding the issue of flight risk, a Defendant who is convicted of First Degree Criminal Sexual Conduct faces a minimum sentence of fifteen (15) years and a maximum sentence of life imprisonment without the possibility of parole. 9 G.C.A. § 25.15(b). Thus, if convicted in this case, Defendant could face life imprisonment or an otherwise lengthy prison sentence. The

Court is concerned that such a long potential sentence could incentivize Defendant to flee from justice.

The Court allowed Defendant three weeks (not including the time between the filing of the August 11, 2020 Motion and the September 18, 2020 hearing on the matter) to make arrangements either with Third Party Custodians or with the Electronic Monitoring Program in order to reduce Defendant's threat to the safety of the community and assure Defendant's appearance before the Court. *See* 8 G.C.A. § 40.15(b). However, Defendant was unsuccessful in making such arrangements.

Thus, in consideration of the nature of the offense charged; the apparent possibility of conviction and the likely sentence; and the nature and seriousness of the danger Defendant would pose to the community or to any individual member thereof if released, the Court finds that releasing the Defendant on a personal recognizance bond without Third Party Custodians or Electronic Monitoring is insufficient to ensure the safety of the victim and the community.

Accordingly, the Court finds that the conditions imposed by the July 14, 2020 Commitment Order—including, but not limited to, the setting of cash bail at ten thousand dollars ($10,000)—are the least onerous conditions imposable which will ensure the safety of the community and ensure that Defendant makes all of his court appearances. Therefore, the Court **ORDERS** that these conditions shall remain in place.

//

//

//

//

//

5

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the Defendant's Motion for Bail

Redetermination.

**SO ORDERED**, *nunc pro tunc*, October 9, 2020.

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam